IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Serena J. Roberts, | ) | C/A 2:11-2213-SB-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Intown Suites, Brian Smith and Toni Jones, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se. Plaintiff originally asserted claims for employment discrimination and common law fraud. See Complaint (Court Docket No. 1). In a Report and Recommendation filed September 16, 2011, it was recommended that this case be dismissed because Plaintiff failed to exhaust her administrative remedies for purposes of pursuing a federal employment discrimination claim in this court, and because the Complaint failed to set forth an actionable case of fraud against the named Defendants. Plaintiff filed objections, and in an Order issued January 18, 2012, Plaintiff was granted thirty (30) days to file an amended complaint with the Court setting out in more detail her claim for fraud. Plaintiff thereafter filed an Amended Complaint on January 27, 2012, and the matter was recommitted to the undersigned United States Magistrate Judge.

The Summons and Complaint were served, and the Defendants thereafter filed a



1

motion to dismiss pursuant to Rule 12, Fed. R.Civ.P., on March 21, 2012.[1]  As the Plaintiff is proceeding pro se, a Roseboro Order was entered by Court on March 26, 2012, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motion may be granted, thereby ending her case.  Plaintiff thereafter filed a response in opposition to the Defendants' motion on April 30, 2012, following which the Defendants filed a reply memorandum on May 10, 2012.

The Defendants' motion is now before the Court for disposition.[2]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se, her pleadings are considered pursuant to this liberal standard.  However, the requirement of liberal

---

[1]Although there is no return of service for the Defendant Brian Smith, the motion to dismiss has been filed on behalf of all three Defendants.  See Court Docket Nos. 34, 42 and 46.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

Defendants argue in their motion to dismiss that Plaintiff's fraud claim fails both because it is barred by South Carolina's at-will employment doctrine, and because (even if not so barred) Plaintiff has failed to allege facts that support all of the required elements of a fraud claim. In her Complaint, as amended, Plaintiff alleges that she was employed by the Defendant Intown Suites as a sales and support manager, and that she was terminated from her employment on February 24, 2011 as a result of "fraud". However, Defendants are correct that, with respect to employment, there is a presumption in South Carolina that employees are at-will. Prescott v. Farmer's Tel. Co-Op. Inc., 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment"]. Indeed, Plaintiff does not contest that she was an at-will employee of the Defendant Intown Suites. See Response to Defendants' Motion to Dismiss, pp. 4-7. The doctrine of employment at-will "allows an employer to discharge an employee without incurring liability for good reason, no reason, or [even a] bad reason". Culler v. Blue Ridge Elec. Co-Op, Inc., 422 S.E.2d 91, 92 (S.C. 1992).

Plaintiff argues, however, that her "fraudulent" dismissal was in violation of the public policy of South Carolina, and that there is a public policy exception to the at-will employment doctrine. Plaintiff is correct that a cause of action in tort may be maintained where a discharge of an at-will employee constitutes a violation of a clear mandate of public policy. See Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 216 (S.C. 1985). However "[t]his exception is generally

3



applied in a situation in which an employer requires an employee to violate a law, or when the reason for the termination is itself a violation of criminal law"; Barron v. Labor Finders of South Carolina, 682 S.E.2d 271, 273 (S.C.Ct. App. 2009), aff's as modified on other grounds, 713 S.E.2d 634 (S.C. 2011); although some other situations may also apply. See Washington v. Purdue Farms, Inc., No. 07-3552, 2009 WL 386926 at * 12 (D.S.C. Feb. 13, 2009)["Several types of public policies have been deemed appropriate to sustain this cause of action including: requiring an employee to violate the criminal law, where the reason for the employee's termination was itself a violation of criminal law, obeying a subpoena, refusing to contribute money to a political action fund, and invoking rights under Payment of Wages Act."].

Plaintiff has failed in the allegations of either her original Complaint or her Amended Complaint to identify any public policy violation with respect to her claim. Rather, Plaintiff simply alleges that the Defendants' claim that she was discharged for poor job performance is false. This may or may not be true (and, indeed, for purposes of Defendants' motion to dismiss, the Court assumes that it *is* true), but that is not the commission of a crime, nor is there any allegation that the Defendants otherwise required Plaintiff to violate a public policy. Lawson v. South Carolina Dept. of Corrections, 532 S.E.2d 259, 260-261 (S.C. 2000)[Public policy claim arises where "an employer requires an employee to violate the [criminal] law or the reason for the employee's termination was itself a violation of a criminal law"]; Eady v. Veolia Transp. Services, Inc., 609 F.Supp.2d 540, 559 (D.S.C. 2009)[Plaintiff failed to show violation of public policy where he claimed that he was terminated for refusing to sign a blank affidavit]; King v. Charleston County School District, 664 F.Supp.2d 571, 584-585 (D.S.C. May 21, 2009); Love v. Cherokee County Veteran's Affairs Office, No. 09-194, 2009 WL 2394369, at * 3 (D.S.C. Jul. 31, 2009)[Granting Rule 12 motion to dismiss



where no inference could be drawn from the facts alleged that the Plaintiff's termination was in violation of a criminal law]; Barron v. Labor Finders of S.C., No. 4553, 2009 WL 1520820, at * 3 (S.C.Ct. App. May 29, 2009)[No wrongful discharge action where employee was not asked to violate the law and his termination did not violate the criminal law]; Merck v. Advanced Drainage System, Inc., 921 F.2d 549, 554 (4th Cir. 1990)[The "public policy" exception to the at-will doctrine "is to be very narrowly applied."].

Other Courts in this District have dismissed claims brought by Plaintiffs challenging their termination from employment based on fraud, and the undersigned can find no basis in Plaintiff's allegations or arguments to reach a contrary conclusion, particularly in light of the established caselaw holding that no valid claim is presented under Plaintiff's alleged facts. Cf. Crawford v. Limehouse and Sons, Inc., No. 10-2094, 2010 WL 5136213, at * 5 (D.S.C. Nov. 10, 2010), adopted by, 2010 WL 5140035 at * 1 (D.S.C. Dec. 10, 2010) [Dismissing claim of fraudulent termination because Plaintiff failed to allege facts sufficient to show that she was not an employee at-will]; Frasier v. Verizon Wireless, No. 08-356, 2008 WL 724037, at * 2-5 (D.S.C. Mar. 17, 2008)[Dismissing claim that Plaintiff was terminated on "false ground[s]" because Plaintiff did not sufficiently plead the existence of a contract altering her at-will status]. Hence, while Plaintiff alleges she was wrongfully discharged, it was not because of the violation of any clearly mandated "public policy" as defined by the South Carolina Courts, but because of an alleged violation of her personal rights. The public policy exception for the discharge of an at-will employee encompasses only "public rights", not "private" rights, and Plaintiff has therefore failed to set forth a valid claim for wrongful discharge in violation of the public policy of South Carolina. See Weinberger v. MCI Telecommunications, Inc., No. 92-2550, 1994 WL 18081 at * 3 (4th Cir. Jan. 25, 1994) ["The public



policy exception encompasses only public rights granted by existing law, not private rights."].

Furthermore, even assuming the Court could consider Plaintiff's underlying fraud claim, it is without merit. A party asserting fraud must establish: 1) a representation; 2) its falsity; 3) its materiality; 4) either knowledge of its falsity or reckless disregard of its truth or falsity; 5) intent that the representation be acted upon; 6) the hearer's ignorance of its falsity; 7) the hearer's reliance on its truth; 8) the hearer's right to rely thereon; and 9) the hearer's consequent and proximate injury. Moseley v. All Things Possible, Inc., 719 S.E.2d 656, 658 (S.C. 2011). "A failure to prove any of these elements [ ] is fatal to recovery . . . . Additionally, '[f]raud cannot be presumed; it must be proved by clear, cogent, and convincing evidence.'" Osborn v. University Medical Associates of Medical University of South Carolina, 278 F.Supp.2d 720, 732 (D.S.C. 2003)(quoting Foxfire Village, Inc. v Black &Veatch, Inc., 404 S.E.2d 912, 917 (S.C. Ct. App. 1991)). Here, Plaintiff alleges that Defendants recorded a false test score and attempts to satisfy the necessary elements for a fraud claim by arguing that she relied on the score's accuracy and was damaged by loss of her job. However, Plaintiff did not take the action of terminating herself based upon the alleged false test score. So, at a minimum, the intent that *Plaintiff* act upon the false representation has not been satisfied. Therefore, the Defendants are entitled to dismissal of this claim. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)[Plaintiff must set forth sufficient factual matters to state a plausible claim for relief "on its face"].[3]

---

[3]In Plaintiff's memorandum in opposition to the Defendants' motion, she states for the first time that she also believes that the Defendants are guilty of defamation. However, Plaintiff has asserted no such claim in her Amended Complaint, and it would not be proper to allow Plaintiff to
(continued...)



**Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion to dismiss be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 8, 2012
Charleston, South Carolina

---

³(...continued)
amend her Complaint again to add this as a claim at this late date. This case has already been pending for over a year, Plaintiff has already been allowed to amend her Complaint once at the Court's direction, and the Defendants, who have already filed and briefed their motion to dismiss, should not have to respond to a "moving target" of claims or allegations in this litigation. Cf. Johnson v. Portfolio Recovery Assoc., LLC, 682 F.Supp. 2d 560, 578-579 (E.D.Va. 2009)[Noting that additional claims made in a Plaintiff's opposition brief that were not mentioned in the complaint were not considered by the court when determining whether Plaintiff had stated sufficient facts to survive the Defendant's motion to dismiss]; see also Smith v. Smith, 589 F.3d 736, 740 (4th Cir. 2009)[District Court erred by considering allegations from outside the complaint in ruling on a motion to dismiss]; Colleton Regional Hospital v. MRS Medical Review Systems, Inc., 866 F.Supp. 896, 898-899 (D.S.C. 1994)["When reviewing a motion to dismiss it is inappropriate for a court to rely upon facts outside the complaint"].

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

