IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Serena J. Roberts, )
)
        Plaintiff, )
)
v. ) Civil Action No. 2:11-2213-SB-BM
)
Intown Suites; Brian Smith; ) **ORDER**
and Toni Jones )
)
        Defendants. )
_____)

This matter is before the court upon the Plaintiff's pro se complaint, wherein she alleges that she was wrongfully terminated based on fraud. On March 21, 2012, the Defendants filed a motion to dismiss the Plaintiff's complaint alleging that the Plaintiff's complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8(a)(2) as interpreted in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). On August 8, 2012, in accordance with 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Bristow Marchant entered a report and recommendation ("R&R"), examining the issues and recommending that the Court grant the Defendants' motion to dismiss. The Plaintiff filed timely written objections to the R&R, and the matter is ripe for review.

## BACKGROUND

The Plaintiff filed her initial complaint against the Defendants on August 22, 2011, alleging that "fraud was used as a mechanism to end [her] employment." (Entry 1 at 3.) The Court granted the Plaintiff permission to proceed in forma pauperis and directed the Plaintiff to bring the case into proper form by answering special interrogatories and taking

other actions. On September 8, 2011, the Plaintiff answered the special interrogatories, indicating that she never filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or South Carolina's State Human Affairs Commission ("SHAC"). Based on the Plaintiff's answers to the special interrogatories, Magistrate Judge Marchant issued an R&R on September 16, 2011, recommending that the Court dismiss the Plaintiff's complaint because the action could not be maintained under Title VII or South Carolina Human Affair s Law and because the Plaintiff failed to plead an actionable fraud claim. After the Plaintiff filed written objections to the R&R, this Court issued an order giving the Plaintiff every benefit of the doubt and instructing her to file a signed, amended complaint within thirty days setting forth her claims with adequate specificity. The Plaintiff filed an amended complaint alleging that "fraud" was used as a mechanism to end [her] employment." (Entry 26 at 1.) In this filing, the Plaintiff claims that a "termination document titled 'Corrective Action Memo' represented that the Plaintiff scored 55%, 48%, and 75% on monthly phone shops for which Plaintiff's employment was terminated," and that "[t]he score indicated as a 55% was later discovered to be 80%." (Id.) The Plaintiff claims that "[t]he score recorded on the document was known to be a false score and used to terminate" her. (Id.) Based on the Plaintiff's allegations and out of an abundance of caution, this Court remanded the matter to the Magistrate Judge for further proceedings.

On March 21, 2012, the Defendants filed a motion to dismiss. The Plaintiff filed a response in opposition to the Defendants' motion, and the Defendants filed a reply. On August 8, 2012, the Magistrate Judge filed an R&R recommending that the Court grant the Defendants' motion. The Plaintiff filed written objections to the R&R on August 27, 2012,

and the Defendants filed a response in support of the R&R on September 6, 2012.

## STANDARD OF REVIEW

I.      **The Magistrate Judge's R&R**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261, 269 (1976). The Court is charged with conducting a de novo review of any portion of the R&R to which specific objections are registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

After a review of the entire record, including the most recent R&R and the Plaintiff's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R in whole and incorporates it into this order.

II.     **Motion to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 56 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). Moreover, as the Court held in Twombly, "the pleading standard Rule 8 announces does not require 'detailed factual

3

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citations omitted). A pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not suffice. Id. That being said, courts are charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). Even so, however, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim; nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

In their motion to dismiss, the Defendants assert that the Plaintiff's fraud claim is barred by South Carolina's employment at-will doctrine and that the claim fails because the Plaintiff has not alleged facts to support all of the required elements of a fraud claim. In the R&R, the Magistrate Judge agrees with the Defendants and recommends that the Court grant the motion to dismiss.

With respect to the Defendants' first argument, they point out that there is a presumption in South Carolina that employees are at-will and that a plaintiff must " 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship.' " Applegate v. Kiawah Dev. Partners, Inc., No. 12-0738, 2012 WL 3029633 at *2 (D.S.C. June 26, 2012) (quoting Perrine v. G4S Solutions (USA), Inc., No. 11-1210, 2011 WL 3563110, at *2 (D.S.C. Aug. 9, 2011)); see also Prescott v. Farmer's Tel. Co-Op., Inc., 335 S.C. 330, 516 S.E.2d 923, 927, n. 8 (S.C. 1999) (In South Carolina,

4

"there is a presumption of at-will employment."). As the Defendants note, the doctrine of employment at-will "allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason." Culler v. Blue Ridge Elec. Co-Op., Inc., 309 S.C. 243, 422 S.E.2d 91, 92 (S.C. 1992).

In response to the Defendant's argument, the Plaintiff asserts that her allegedly fraudulent dismissal violated the public policy of South Carolina, thereby entitling her to maintain an action in tort. See Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 216 (S.C. 1985) (holding that a cause of action in tort arises "where the retaliatory discharge of an at-will employee constitutes a violation of a clear mandate of public policy.") However, as the Defendants argue, and as the Magistrate Judge concludes in the R&R, the allegations of the Plaintiff's complaint do not identify any public policy violation. See Barron v. Labor Finders of South Carolina, 682 S.E.2d 271, 273 (S.C. Ct. App. 2009) aff'd as modified on other grounds, 713 S.E.2d 634 (S.C. 2011) (noting that the public policy exception "is generally applied in a situation in which an employer requires an employee to violate a law, or when the reason for the termination is itself a violation of criminal law."). Here, the Plaintiff claims she was terminated on false and fraudulent grounds, but even assuming this to be true, as the Court must for purposes of this motion, such termination was based on an alleged violation of her personal rights, and not public rights, and such termination did not violate any clearly mandated public policy as defined by South Carolina. See Eady v. Veolia Transp. Servs., Inc., 609 F. Supp. 2d 540, 559 (D.S.C. 2009) (holding that the plaintiff failed to show a violation of public policy where he claimed that he was terminated for refusing to sign a blank affidavit); Love v. Cherokee County Veteran's Affairs Office, No. 09-194, 2009 WL 2394369, at *3 (D.S.C. Jul. 31,

5

2009) (granting Rule 12 motion to dismiss where no inference could be drawn from the facts alleged that the plaintiff's termination was in violation of criminal law); Barron v. Labor Finders of S.C., No. 4553, 2009 WL 1520820, at *3 (S.C. Ct. App. May 29, 2009) (finding no wrongful discharge where employee was not asked to violate the law and where his termination did not violate the criminal law); Weinberger v. MCI Telecommunications, Inc., No. 92-2550, 1994 WL 18081 at *3 (4th Cir. Jan. 25, 1994) ("[T]he public policy exception encompasses only public rights granted by existing law, not private rights."); see also Crawford v. Limehouse and Sons, Inc., No. 10-2094, 2010 WL 5136213, at *5 (D.S.C. Nov. 10, 2010), adopted by, 2010 WL 5140035 at *1 (D.S.C. Dec. 10, 2010) (dismissing claim of fraudulent termination because the plaintiff failed to rebut at-will employment status); Frasier v. Verizon Wireless, No. 08-356, 2008 WL 724037, at *2-5 (D.S.C. Mar. 17, 2008) (dismissing claim that the plaintiff was terminated on "false ground[s]" because the plaintiff did not sufficiently plead the existence of a contract altering her at-will status).

In addition, even assuming the foregoing, the Court agrees with the Defendants and the Magistrate Judge that the Plaintiff has failed to allege facts sufficient to state all of the elements of a fraud claim. To state a fraud claim in South Carolina, a claimant must allege facts sufficient to establish the following nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. Regions Bank v. Schmauch, 354 S.C. 648, 582 S.E.2d 432, 444 (2003). Here, at the very least, the Plaintiff has failed to allege facts to show that the Defendants intended that she take some action upon the allegedly false

6

representation, as the Plaintiff certainly did not take the action of terminating herself based on the allegedly false test score. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) (stating that a plaintiff has the burden of alleging facts sufficient to state all the elements of a claim); Ashcroft, 56 U.S. at 678 (holding that plaintiff must set forth sufficient factual matters to state a plausible claim for relief "on its face and that a "formulaic recitation of the elements" will not suffice").

In her objections, the Plaintiff does not object to any specific portion of the R&R; rather, she asserts that her complaint survives the liberal pleading standard afforded it, and she asks the Court to compel the Defendants to answer her complaint. After review, the Court finds these objections to be wholly without merit. In addition, to the extent the Plaintiff wishes to amend her complaint to include a defamation claim, the Court agrees with the Magistrate Judge that it would be improper to allow her to do so at this late date, particularly in light of the fact that the Plaintiff has had ample time to present her claims in this matter, and because the Defendants, who have already filed and fully briefed their motion to dismiss, should not have to respond to a moving target of claims.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 48) is adopted; the Defendants' motion to dismiss (Entry 35) is granted; and the Plaintiff's objections (Entry 50) are overruled.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 17, 2012
Charleston, South Carolina